IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PEMEX EXPLORACIÓN Y PRODUCCIÓN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | |
| BASF CORPORATION, BASF FINA | § | |
| PETROCHEMICALS LIMITED | § | |
| PARTNERSHIP, MURPHY ENERGY | § | |
| CORPORATION, BIO-NU SOUTHWEST, | § | CIVIL ACTION NO. H-10-1997 |
| INC. d/b/a VALLEY FUELS, US | § | |
| PETROLEUM DEPOT, INC., ARNOLDO | § | |
| MALDONADO, JONATHAN DAPPEN, | § | |
| STEPHEN PECHENIK, TIMOTHY L. | § | |
| BRINK, CONTINENTAL FUELS, INC., | § | |
| and HIGH SIERRA CRUDE OIL & | § | |
| MARKETING, LLC, Successor to PETRO | § | |
| SOURCE PARTNERS, LP, | § | |
| | § | |
| *Defendants.* | § | |

| | | |
|---|---|---|
| PEMEX EXPLORACIÓN Y PRODUCCIÓN, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| BIG STAR GATHERING LTD L.L.P., | § | |
| F&M TRANSPORTATION, INC. | § | |
| JAMES JENSEN, JOPLIN ENERGY, LLC, | § | |
| F/K/A HUTCHISON HAYES ENERGY, | § | CIVIL ACTION NO. H-11-2019 |
| LLC, JEFF KIRBY, PLAINS | § | |
| ALL-AMERICAN PIPELINE, L.P., SAINT | § | |
| JAMES OIL INC., SUPERIOR CRUDE | § | |
| GATHERING, INC., TRANSMONTAIGNE | § | |
| PARTNERS, L.P., and WESTERN | § | |
| REFINING COMPANY, L.P., | § | |
| | § | |
| *Defendants.* | § | |

## ORIGINAL ANSWER OF PLAINS ALL-AMERICAN PIPELINE, L.P. TO PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW Defendant Plains All-American Pipeline, L.P. ("Plains") and files its Original Answer and Affirmative Defenses ("Answer") against the claims set forth by Plaintiff Pemex Exploración y Producción in its Original Complaint ("Complaint") filed in Civil Action No. H-11-2019.

As required by the Federal Rules of Civil Procedure, Plaintiff's allegations are made in consecutively numbered paragraphs. However, the Complaint also contains headings which sometimes contain material which appears to be factual in nature. In answering each of the separately numbered paragraphs of the Complaint, Plains has not responded individually to the headings Plaintiff has used to organize its Complaint. To the extent any response is necessary to these headings, the allegations contained therein are denied. Otherwise, all factual or other allegations made by Plaintiff in its Complaint that are not expressly admitted in this Answer are also denied. Furthermore, Plains reserves the right to supplement or amend this Answer and the answers and denials contained herein as additional facts are developed or made available through subsequent discovery or otherwise.

## I. NATURE OF THE CASE

1. Paragraph 1 makes claims that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains admits that natural gas condensate is a mixture of hydrocarbon liquids that is generally produced with natural gas and can be used as feedstock for refineries and petrochemical plants. Plains further admits that condensate often contains few contaminants, is refined into high-value oil products, and competes directly with light crude oil in downstream markets. With regard to whether condensate is "easily" refined into

high-value oil products, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of that allegation.

2. In response to the allegations made in paragraph 2, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies the allegations in paragraph 2 to the extent that they imply that Plains is an "end-user[]" that has ever purchased, sold, or "traded" in natural gas condensate. Otherwise, paragraph 2 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 regarding other defendants.

3. In response to the allegations made in paragraph 3, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies that it traded in stolen natural gas condensate, purchased stolen goods, or that it is liable for usurpation of Mexico's patrimony. Otherwise, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

4. In response to the allegations made in paragraph 4, Plains denies that it ever "knowingly trafficked" in stolen condensate. Plains further denies that it was part of any conspiracy to market stolen condensate and thus denies that it is liable to Plaintiff in any manner relative to this lawsuit. Otherwise, paragraph 4 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 regarding other defendants.

## II.    JURISDICTION AND VENUE

5.    Paragraph 5 contains legal conclusions to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and accordingly denies them.

6.    Paragraph 6 contains legal conclusions to which no answer is required. To the extent that an answer is required, Plains admits that it resides in the Southern District of Texas.

## III.    PARTIES

7.    Paragraph 7 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required.  To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

8.    Paragraph 8 makes allegations that are unrelated to Plains and to which no answer is required.  To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

9.    Paragraph 9 makes allegations that are unrelated to Plains and to which no answer is required.  To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

10.    Paragraph 10 makes allegations that are unrelated to Plains and to which no answer is required.  To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

11.    Paragraph 11 makes allegations that are unrelated to Plains and to which no answer is required.  To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

12. Paragraph 12 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

13. Plains admits the allegations in paragraph 13.

14. Paragraph 14 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

15. Paragraph 15 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

16. Paragraph 16 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

17. Paragraph 17 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

18. Paragraph 18 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## IV. FACTUAL BACKGROUND

19. In response to the allegations in paragraph 19, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

20.     In response to the allegations in paragraph 20, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.     In response to the allegations in paragraph 21, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

22.     In response to the allegations in paragraph 22, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

23.     In response to the allegations in paragraph 23, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

24.     In response to the allegations in paragraph 24, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

25.     In response to the allegations in paragraph 25, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

26.     In response to the allegations in paragraph 26, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

27. In response to the allegations in paragraph 27, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

28. In response to the allegations in paragraph 28, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

29. In response to the allegations in paragraph 29, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

30. In response to the allegations in paragraph 30, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

31. In response to the allegations in paragraph 31, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

32. In response to the allegations in paragraph 32, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

33. In response to the allegations in paragraph 33, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

34. In response to the allegations in paragraph 34, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

35. In response to the allegations in paragraph 35, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

36. In response to the allegations in paragraph 36, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

37. In response to the allegations in paragraph 37, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

38. In response to the allegations in paragraph 38, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

39. In response to the allegations in paragraph 39, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

40. In response to the allegations in paragraph 40, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

41.     In response to the allegations in paragraph 41, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

42.     In response to the allegations in paragraph 42, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

43.     In response to the allegations in paragraph 43, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

44.     In response to the allegations in paragraph 44, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

45.     In response to the allegations in paragraph 45, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

46.     In response to the allegations in paragraph 46, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

47.     In response to the allegations in paragraph 47, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

48. In response to the allegations in paragraph 48, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

49. In response to the allegations in paragraph 49, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

50. In response to the allegations in paragraph 50, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

51. In response to the allegations in paragraph 51, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

52. In response to the allegations in paragraph 52, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies that it knowingly or unwittingly participated in or profited from trafficking stolen condensate in the United States or that Plains encouraged and facilitated the Mexican organized crime groups that allegedly stole the natural gas condensate. Otherwise, paragraph 52 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 regarding other defendants.

53. The allegations made in the first and second sentences of paragraph 53 are unrelated to Plains and do not require an answer. To the extent that an answer is required, Plains states that it lacks knowledge and information sufficient to form a belief as to the truth of the

10

allegations in the first and second sentences of paragraph 53 regarding other defendants. With regard to the allegations contained in the third sentence of paragraph 53, Plains states that it is a holding company and has never purchased or sold natural gas condensate and did not "deal" in the allegedly stolen condensate after it was laundered. With regard to the allegations contained in the fourth sentence of paragraph 53, Plains denies that it ever purchased or sold the Mexican condensate Plaintiff alleges to have been stolen and thus denies that Plains has engaged in any conduct that is wrongful under either the laws of Mexico or the United States. Otherwise, the fourth sentence of paragraph 53 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 53 regarding other defendants.

54. In response to the allegations in paragraph 54, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies the allegations in paragraph 54 to the extent that those allegations imply that Plains has engaged in selling natural gas condensate. Otherwise, paragraph 54 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 regarding other defendants.

55. In response to the allegations in paragraph 55, Plains denies that it participated in any "coordinated US conspiracy" involving the theft, transport, sale, distribution, or laundering of stolen Mexican natural gas condensate. Otherwise, paragraph 55 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required,

Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding other defendants.

56. Paragraph 56 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

57. Plains denies the allegations in paragraph 57 to the extent that they may be read to include Plains among the referenced "co-conspirators." Otherwise, paragraph 57 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding other defendants.

58. Plains denies the allegations in paragraph 58 to the extent that they may be read to include Plains among the referenced "co-conspirators." Otherwise, paragraph 58 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding other defendants.

59. Plains denies the allegations in paragraph 59 to the extent that they may be read to include Plains among the referenced "co-conspirators." Otherwise, paragraph 59 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding other defendants.

60. Paragraph 60 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

61. In response to the allegations in paragraph 61, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

62. In response to the allegations in paragraph 62, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies the allegation in paragraph 62 that it performed any role in the alleged conspiracy and specifically any role associated with the alleged purchase and sale of natural gas condensate. Otherwise, paragraph 62 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62 regarding other defendants.

63. Paragraph 63 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

64. Paragraph 64 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

65. In response to the allegations in paragraph 65, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies that it ever purchased stolen condensate from defendant Big Star. Otherwise, paragraph 65 makes allegations that are unrelated to Plains and to which no answer is required. To the extent

that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 regarding other defendants.

66. Paragraph 66 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

67. Paragraph 67 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

68. Paragraph 68 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

69. Paragraph 69 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

70. Paragraph 70 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

71. Paragraph 71 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

72. Paragraph 72 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

73. In response to the allegations in paragraph 73, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies that it ever purchased stolen Mexican condensate from an unnamed company who purchased the same condensate from defendant F&M Transportation, Inc. Otherwise, paragraph 73 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 73 regarding other defendants.

74. Paragraph 74 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

75. Paragraph 75 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

76. Paragraph 76 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

77. Paragraph 77 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains

states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

78. Paragraph 78 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

79. In response to the allegations in paragraph 79, Plains admits that the allegations in the Complaint speak for themselves.

80. Paragraph 80 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

81. Paragraph 81 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

82. In response to the allegations in paragraph 82, Plains admits that it is a publicly-traded limited partnership but states that it lacks knowledge or information sufficient to form a belief as to whether "large" accurately describes Plains. Otherwise, Plains states that it is a holding company and denies that it transports, stores, or markets hydrocarbons.

83. In response to the allegations in paragraph 83, Plains admits that the allegations in the Complaint speak for themselves.

84. In response to the allegations in paragraph 84, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies that Plains purchased at least $600,000 worth of condensate in November 2008 at the George

West LACT or that it has ever purchased or sold natural gas condensate. Plains also denies that there were other transactions. Plains further states that it lacks knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding its involvement.

85. Plains denies each and every allegation in paragraph 85 and specifically denies that it has harmed Plaintiff or is liable to Plaintiff in any manner related to this litigation.

86. Paragraph 86 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

87. In response to the allegations in paragraph 87, Plains admits that the allegations in the Complaint speak for themselves.

88. Paragraph 88 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

89. Paragraph 89 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

90. Paragraph 90 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

91. Paragraph 91 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

92. Paragraph 92 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

93. Paragraph 93 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

94. Paragraph 94 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

95. Paragraph 95 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

96. Paragraph 96 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

97. Paragraph 97 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

98. Paragraph 98 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains

states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

99. Paragraph 99 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

100. Paragraph 100 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

101. Paragraph 101 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

102. Paragraph 102 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

103. Paragraph 103 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

104. Paragraph 104 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

105. Paragraph 105 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

106. In response to the allegations in paragraph 106, Plains admits that the allegations in the Complaint speak for themselves.

107. Paragraph 107 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

108. Paragraph 108 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

109. In response to the allegations in paragraph 109, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies that it utilized the sovereign property of Mexico without right or title. Plains further denies that it sold or was unjustly enriched by any profits, commissions, or other benefits received by virtue of any use of Plaintiff's allegedly stolen condensate. Otherwise, paragraph 109 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109 regarding other defendants.

110. In response to the allegations in paragraph 110, Plains denies that it is liable to Plaintiff for any of the damages sought by Plaintiff or in any manner related to this lawsuit. Otherwise, paragraph 110 makes allegations that are unrelated to Plains and to which no answer

is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 regarding other defendants.

111. In response to the allegations in paragraph 111, Plains denies that it received or used stolen condensate and thus denies that it is liable to Plaintiff for any of the damages sought by Plaintiff or in any manner related to this lawsuit. Otherwise, paragraph 111 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 regarding other defendants.

112. In response to the allegations in paragraph 112, Plains denies that it is liable to Plaintiff for any of the damages sought by Plaintiff regardless of value asserted or in any manner related to this lawsuit. Otherwise, paragraph 112 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 regarding other defendants.

113. Paragraph 113 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

114. Paragraph 114 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## V. DISCOVERY RULE AND FRAUDULENT CONCEALMENT

115. Paragraph 115 contains legal conclusions to which no answer is required. To the extent that an answer is required, Plains denies the allegations set forth in this paragraph.

116. Paragraph 116 contains legal conclusions to which no answer is required. To the extent that an answer is required, Plains denies the allegations set forth in this paragraph.

117. In response to the allegations in paragraph 117, Plains denies that the statute of limitations for Plaintiff's claims against Plains have been tolled by the doctrine of fraudulent concealment. Otherwise, paragraph 117 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding other defendants.

118. Paragraph 118 contains legal conclusions to which no answer is required. To the extent that an answer is required, Plains denies the allegations set forth in this paragraph.

## VI. CLAIMS FOR RELIEF

119. In response to paragraph 119, Plains incorporates its answers and denials in paragraphs 1 through 118 and denies that it has caused any harm to Plaintiff or that Plaintiff is entitled to any relief from Plains in any manner related to this lawsuit.

### A. *First Claim for Relief—Illegal Possession and Use of Mexican Sovereign Property*

120. Paragraph 120 contains legal conclusions to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

121. In response to the allegations in paragraph 121, Plains denies that it took possession of or utilized sovereign property of the United Mexican States, without title or right. Otherwise, paragraph 121 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 regarding other defendants.

122. In response to the allegations in paragraph 122, Plains denies that it has made use of Mexican property. Plains further denies that it has refused to return or reimburse Mexico for any such use of Mexican property. Otherwise, paragraph 122 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 regarding other defendants.

123. In response to the allegations in paragraph 123, Plains denies that it has improperly assumed dominion or control over Plaintiff's property and thus denies that Plains is responsible for any continuing interference with or Plaintiff's diminishing rights in such property. Otherwise, paragraph 123 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 regarding other defendants.

124. In response to the allegations in paragraph 124, Plains denies that it is has put Mexico's sovereign property to "use" and thus denies that it is liable to Plaintiff in any manner relative to this litigation. Otherwise, paragraph 124 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it

lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 regarding other defendants.

125. In response to the allegations in paragraph 125, Plains denies that Plaintiff is entitled to any recovery from Plains relative to this litigation. Otherwise, paragraph 125 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 regarding other defendants.

B. *Second Claim for Relief—Conversion Under Texas Law*

126. In response to the allegations in paragraph 126, Plains denies that it took possession of or utilized sovereign property of the United Mexican States, without title or right. Otherwise, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 regarding other defendants.

127. In response to the allegations in paragraph 127, Plains denies that it has made use of Mexican property. Plains further denies that it has refused to return or reimburse Mexico for any such use of Mexican property. Otherwise, paragraph 127 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 regarding other defendants.

128. In response to the allegations in paragraph 128, Plains denies that it has improperly assumed dominion or control over Plaintiff's property and thus denies that Plains is responsible for any continuing interference with or Plaintiff's diminishing rights in such property. Otherwise, paragraph 128 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 regarding other defendants.

129. In response to the allegations in paragraph 129, Plains denies the allegations set forth in the first and second sentences of this paragraph. Otherwise, paragraph 129 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 regarding other defendants.

130. Paragraph 130 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### C. *Third Claim for Relief—Equitable Relief/Constructive Trust/Unjust Enrichment/Money Had and Received*

131. In response to the allegations in paragraph 131, Plains denies that it exercised improper dominion of Plaintiff's property, that it received any profits from such dominion, or holds money belonging to Plaintiff. Otherwise, paragraph 131 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 regarding other defendants.

132. In response to the allegations in paragraph 132, Plains states that it is a holding company and has never purchased or sold natural gas condensate. Accordingly, Plains denies that it purchased or sold the condensate Plaintiff alleges to have been stolen and thus denies that it retains benefits or has been unjustly benefited at Plaintiff's expense by any of the actions set

forth in Plaintiff's Complaint. Otherwise, paragraph 132 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 regarding other defendants.

133. In response to the allegations in paragraph 133, Plains denies that it has caused any harm to Plaintiff or that Plaintiff is entitled to recover any money from Plains. Furthermore, Plains denies that it has any money that in good conscious belongs to Plaintiff. Otherwise, paragraph 133 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 regarding other defendants.

134. Paragraph 134 makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

D. *Fourth Claim for Relief—Texas Theft Liability Act*

135. Paragraph 135 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

136. In response to the allegations made in paragraph 136, Plains admits that the allegations in the Complaint speak for themselves.

137. Paragraph 137 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains

states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### E. Fifth Claim for Relief—Civil Conspiracy

138. In response to the allegations in the second sentence of paragraph 138, Plains denies those allegations to the extent that "[t]hese Defendants" may be read to include Plains. Otherwise, paragraph 138 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph regarding other defendants.

139. Paragraph 139 contains legal conclusions and makes allegations that are unrelated to Plains and to which no answer is required. To the extent that an answer is required, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

## VII. JURY TRIAL DEMAND

140. In response to the allegations in paragraph 140, Plains admits that Plaintiff's jury demand speaks for itself.

## VIII. PRAYER FOR RELIEF

Plains denies that Plaintiff is entitled to any of the requested relief from Plains or that Plains is liable to Plaintiff in any manner relative to this lawsuit. Otherwise, Plains states that it lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Plaintiff's prayer for relief regarding other defendants.

**AFFIRMATIVE DEFENSES**

1.      Plaintiff's claims against Plains are barred, in whole or in part, because the Complaint fails to state a claim against Plains upon which relief may be granted, whether under Texas or Mexican law.

2.      Plaintiff's claims against Plains are barred in whole or in part by applicable statutes of limitations whether under Texas or Mexican law.

3.      Plaintiff's claims against Plains are barred, in whole or in part, insofar as Plaintiff has already obtained relief from other individuals or entities.

4.      Plaintiff's claims against Plains are barred, in whole or in part, under the one satisfaction rule insofar as Plaintiff has received restitution for its damages, if any, from other individuals or entities.

5.      Plaintiff's claims against Plains are barred because Plains is not a condensate purchaser from, or counterparty to any condensate purchasing agreements with, any other individuals or entities.

6.      Plaintiff's claims against Plains are barred in whole or in part, because, to the extent that plaintiff has suffered any injury or loss, such injury or loss is the result of other factors, events, actions or occurrences unrelated to any actions, omissions or alleged failures on the part of Plains that are outside of and beyond the control of Plains, including the operation of external factors, events and/or persons outside Plains' control.

7.      Plaintiff's claims against Plains are barred, in whole or in part, because of Plaintiff's own contributory negligence, actions, inactions, omissions, or fault.

8.      If Plaintiff sustained any damages as alleged in the Complaint, such damages resulted, in whole or in part, from the culpable conduct and negligence of Plaintiff and/or of third

parties, and not from any conduct of Plains.  Accordingly, Plaintiff's claims against Plains are barred, in whole or in part, by the proportionate, comparative and/or contributory fault of Plaintiff, the other Defendants, and/or other responsible third parties.  If judgment is rendered in Plaintiff's favor, the amount of such judgment must be reduced pursuant to the Proportionate Responsibility Statute, § 33.001, et seq. of the Texas Civil Practice and Remedies Code.  Plains, therefore, is entitled to have the Court and jury apply the doctrine of proportionate responsibility established by the Texas Civil Practice and Remedies Code § 33.001 et seq. to reduce any judgment against it by the degree of negligence or fault attributable to any other person, entity, or party.

9.      To the extent that Mexican law applies, Plaintiff's recovery is barred by its own fault.

10.     Plaintiff's claims against Plains are barred, in whole or in part, because Plaintiff's alleged injuries were not actually or proximately caused by Plains.

11.     Plaintiff's claims against Plains are barred, in whole or in part, by the doctrines of waiver, estoppel, and acquiescence.

12.     Plaintiff's claims against Plains are barred, in whole or in part, because Plaintiff failed to act reasonably to mitigate damages, if any.

13.     Plaintiff's claims against Plains are barred, in whole or in part, by the doctrine of unclean hands.

14.     Plaintiff's claims against Plains are barred, in whole or in part, by the doctrine of *in pari delicto*, the unlawful acts doctrine, and/or the illegal acts doctrine.

Plains lacks knowledge or information sufficient upon which to form a belief as to whether there may be additional defenses available to it at this time.  Plains, therefore, reserves

the right to assert such additional defenses in the event that discovery indicates that they would be appropriate.

<u>**ALLEGED RESPONSIBLE THIRD PARTIES**</u>

In its Complaint, Plaintiff makes allegations that several individuals and entities engaged in an elaborate scheme to steal, transport, and market natural gas condensate in violation of various criminal and civil laws. While Plaintiff expressly states that it does not allege that Plains was involved in that scheme, Plaintiff's allegations relative to such a scheme implicate numerous unnamed and unknown responsible third parties including the following:

1. In paragraph 33 of its Complaint, Plaintiff alleges that certain unnamed "organized crime groups within Mexico" stole condensate from Plaintiff's transfer and delivery systems, hijacked tankers transporting condensate at gunpoint, and kidnapped Plaintiff's officials and threatened them with violence. Those allegations, if true, make such individuals and organizations unnamed and unknown responsible third parties for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit.

2. In paragraph 46 of its Complaint, Plaintiff alleges that the Mexican government has initiated investigations and "criminal charges in Mexico against approximately 140 individuals involved in the [alleged] Mexican thefts, including two Mexican customs agents who were jailed for allowing tanker trucks of stolen condensate to pass through Mexican customs and into the United States with fraudulent export documents." Those allegations, if true, make the referenced individuals unnamed and unknown responsible third parties for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit. In addition, any other unidentified individuals or organizations against whom such investigations or charges may be brought are

also unnamed and unknown responsible third parties for Plaintiff's alleged losses and damages in this lawsuit.

3. In paragraph 53 of its Complaint, Plaintiff alleges that Plains, Hutchingson Hayes Energy, L.L.C, SemCrude, L.P., and Western Refining Company, L.C. are liable to Plaintiff despite Plaintiff's acknowledgement that each "appear to have been entirely innocent and dealt in the condensate only after it was laundered." Plaintiff makes similar allegations against BASF Corp. in Civil Action No. H-10-01997. Though Plains denies that it has ever purchased, sold, or dealt in natural gas condensate—stolen, Mexican or otherwise—in the event that Plains incurs liability as a result of Plaintiff's allegations, the above referenced entities would be known responsible third parties for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit. In addition, any other unidentified individuals or entities that have made such purchases or sales would be unknown responsible third parties for Plaintiff's alleged losses and damages.

4. In paragraphs 54 through 59 of its Complaint, Plaintiff alleges that certain entities, including Big Star Gathering Ltd. L.L.P., F&M Transportation, Inc., and Superior Crude Gathering, Inc., formed a conspiracy to facilitate the theft, transport, and sale of stolen Mexican condensate. Those allegations, if true, make the above referenced entities known responsible third parties for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit. In addition, any other unidentified individuals or entities that have participated in this or similar conspiracies are unknown responsible third parties for Plaintiff's alleged losses and damages.

5. In paragraph 58 of its Complaint, Plaintiff alleges that the "Conspiring Defendants" bribed unnamed government and customs officials to facilitate transfer of stolen condensate across the United States border. Those allegations, if true, make the referenced government and customs officials unnamed responsible third parties for Plaintiff's recoverable

losses and/or damages, if any, relative to this lawsuit. In addition, any other unidentified individuals or entities making or receiving similar bribes are also unknown responsible third parties for Plaintiff's alleged losses and damages.

6.      In paragraphs 101 through 104 of its Complaint, Plaintiff alleges that TransMontaigne Partners, L.P. stored the allegedly stolen condensate with knowledge or with reason to know that the condensate was stolen. Though Plains has stated that it lacks sufficient knowledge and information to form a belief as to the truth of those allegations, if such allegations are true and are recognized as forming a proper basis for liability, then TransMontaigne is a known responsible third party for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit. In addition, any other unidentified individuals or entities that have similarly stored the allegedly stolen condensate would be unknown responsible third parties for Plaintiff's alleged losses and damages.

7.      In Civil Action No. H-10-1997, Plaintiff alleges that certain entities and individuals formed a conspiracy to facilitate the theft, transport, and sale of stolen Mexican condensate. Those entities and individuals include: Bio-Nu Southwest, Inc. d/b/a Valley Fuels, Murphy Energy Corporation, US Petroleum Depot, Inc., Continental Fuels, Inc., Petro Source Partners, LP, High Sierra Crude Oil & Marketing, LLC (successor to Petro Source), Y Oil & Gas, Trammo Petroleum, Importada Exportadora, Petro Salum, Arnolod Maldonado, Jonathan Dappen, Sephen Pechenik, and Timothy Brink. Those allegations, if true, make the above referenced entities and individuals known responsible third parties for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit. In addition, any other unidentified individuals or entities that have participated in this or similar conspiracies are unknown responsible third parties for Plaintiff's alleged losses and damages.

8.      In Civil Action No. H-10-1997, Plaintiff alleges that certain "importers" of natural gas condensate, including Petro Salum and Importadora Exportadora, Trammo Petroleum, and Jonathan Dappen knowingly received stolen condensate and illegally imported the stolen condensate into the United States.  Those allegations, if true, make those organizations, and the individuals associated therewith, known responsible third parties for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit.  In addition, any other unidentified individuals or entities that acted as importers of the allegedly stolen condensate are unknown responsible third parties for Plaintiff's alleged losses and damages.

9.      In Civil Action No. H-10-1997, Plaintiff alleges that certain "coordinators," including Y Oil and Gas, Bio-Nu Southwest, Inc. d/b/a Valley Fuels, and Stephen Pechenik knowingly received and coordinated the movement of stolen condensate within Texas.  Those allegations, if true, make those organizations, and the individuals associated therewith, known responsible third parties for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit.  In addition, any other unidentified individuals or entities that coordinated such activities are unknown responsible third parties for Plaintiff's alleged losses and damages.

10.      Employees or former employees of Plaintiff, as well as employees or former employees of affiliates of Plaintiff, may have participated in a scheme to steal, transport, and market Mexican natural gas condensate in violation of various criminal and civil laws.  There may also be other unknown, unnamed employees or agents of other companies, government agencies, or other persons who were also involved in such activities.  Any such individual or organization would be an unknown responsible third party for Plaintiff's recoverable losses and/or damages, if any, relative to this lawsuit.

Plaintiff admits in its Complaint that Plaintiff's alleged injuries and damages, if any, were caused by the criminal acts of these unnamed and unknown responsible third parties. Plains, however, lacks knowledge and sufficient information—beyond what is contained in each of Plaintiff's complaints—to further identify unknown responsible third parties at this time. As such, Plains reserves the right to amend this pleading to incorporate additional other responsible third parties as well as additional identifying characteristics as such information becomes available.

Dated: October 18, 2011

OF COUNSEL:                                          Respectfully submitted,

Phillip B. Dye, Jr.
State Bar No. 06311500                    By:  /s/ James D. Thompson III
Federal Bar No. 7216                             James D. Thompson III
pdye@velaw.com                                   Attorney-In-Charge
Stacy M. Neal                                    State Bar No. 19918500
State Bar No. 24060322                           Federal Bar No. 7562
Federal Bar No. 892868                           jthompson@velaw.com
sneal@velaw.com                                  VINSON & ELKINS L.L.P.
David J. Rains                                    2500 First City Tower
State Bar No. 24067829                           1001 Fannin Street
Federal Bar No. 1171417                          Houston, Texas  77002-6760
drains@velaw.com                                 713.758.4502 (tel)
Garner B. Meads III                              713.615.5765 (fax)
State Bar No. 24074695
VINSON & ELKINS L.L.P.
2500 First City Tower
1001 Fannin Street
Houston, Texas  77002-6760
713.758.2222 (tel)
713.758.2346 (fax)

**ATTORNEYS FOR PLAINS ALL-AMERICAN PIPELINE, L.P.**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this, the 18th day of October 2011, a true and correct copy of the foregoing document has been filed with the Clerk of Court using the CM/ECF System for filing which system forwards a copy to all counsel of record.

_____

Phillip B. Dye, Jr.